UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN RE:
SCOTT FAULKNER AND
ISABEL FAULKNER aka
ISABEL DHAMARAJ,   Case No. 19-12803

    Debtors.
_____/   Hon. George Caram Steeh

SCOTT FAULKNER AND
ISABEL FAULKNER,

    Appellants.
_____/

OPINION AND ORDER
AFFIRMING BANKRUPTCY COURT

Before the court is Debtors' appeal of the bankruptcy court's orders denying their motions to reinstate their case and for reconsideration. For the reasons explained below, the bankruptcy court's decisions are affirmed.

BACKGROUND FACTS

Debtors Scott Faulkner and Isabel Faulkner appeal the bankruptcy court's refusal to reinstate their case after they failed to pay the filing fee. On August 23, 2019, the bankruptcy court issued an order to show cause, setting a hearing date of September 11, 2019. The show cause order noted that the Debtors had failed to pay the filing fee and set a hearing date

-1-

for Debtors to show cause why the case should not be dismissed.  "The debtor and the attorney for the debtor must appear at the hearing, unless the fees are paid in full prior to the hearing date. . . . **If the fee is not paid prior to the hearing date and if the debtor and attorney for the debtor fail to appear at this hearing, the case may be dismissed**."  ECF No. 7 at PageID 77 (emphasis in original).

Taking note of the bankruptcy court's order, the Debtors' counsel "initiated payment" of the filing fee.  However, counsel paid the fee in a different case by mistake and "accidentally internally booked said fee" as having been paid in this case.  See ECF No. 7 at PageID 53.  Believing that the fee had been paid, counsel and Debtors did not appear at the show cause hearing on September 11, 2019.  The court entered a minute entry memorializing the hearing.  Then Debtors' counsel, realizing his error, submitted payment of the filing fee that same day, explaining that the failure to submit the fee was due to an error by counsel.  The bankruptcy court apparently was unaware of the late payment and entered an order dismissing the case.  The bankruptcy court later amended its dismissal order to acknowledge Debtors' payment.

Debtors' counsel immediately filed a motion to reinstate the case pursuant to Local Bankruptcy Rule 9024-1(c).  The bankruptcy court

construed the motion as a motion for reconsideration pursuant to Local Bankruptcy Rule 9024-1(a). The court found that Debtors failed to demonstrate a "palpable defect" by which the court and the parties were misled. The court also found that Debtors did not "establish excusable neglect under Fed. R. Civ. P. 60(b)(1), Fed. R. Bankr. P. 9024, or any other valid ground for relief from the order dismissing the case." ECF No. 7 at PageID 86. The court concluded that Debtors did not demonstrate a "valid excuse" for failing to either pay the filing fee before the hearing or to appear at the hearing.

Debtors filed a motion for reconsideration. Debtors argued that the court erred by characterizing their motion for reinstatement as a motion for reconsideration or a motion under Rule 60(b). Debtors contended that they were not required to meet those relatively high standards, but only needed to cure the condition leading to the dismissal to reinstate their case under Local Bankruptcy Rule 9024-1(c). Debtors further argued that, had the court given them the opportunity, they would have been able to establish excusable neglect under Rule 60(b). The bankruptcy court denied Debtors' motion for reconsideration, determining that it had applied the correct standard and that Debtors had not demonstrated excusable neglect.

-3-

## LAW AND ANALYSIS

District courts have "jurisdiction to hear appeals . . . from final judgments, orders, and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a). The court reviews the bankruptcy court's grant or denial of a motion under Rule 60(b) for an abuse of discretion. *Yeschick v. Mineta*, 675 F.3d 622, 628 (6th Cir. 2012). "An abuse of discretion exists when a court 'commits a clear error of judgment, such as applying the incorrect legal standard, misapplying the correct legal standard, or relying upon clearly erroneous findings of fact.'" *Id.* "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *In re SII Liquidation Co.*, 517 B.R. 72, 74 (B.A.P. 6th Cir. 2014) (citation omitted).

Debtors argue that the bankruptcy court erred in applying a reconsideration or Rule 60(b) standard to their motion to reinstate the case. Debtors contend that a different standard applies to a motion to reinstate under Local Bankruptcy Rule 9024-1(c), which provides as follows: "If a motion to reinstate a dismissed case on the grounds that the default that caused the dismissal has been or can be cured, no response may be filed and no oral argument will be scheduled unless the court so orders."

Although Rule 9024-1(c) governs procedure relating to motions to reinstate a case, it does not address the standard the court is to apply. Debtors provide no authority for the proposition that a motion to reinstate is governed by a different standard than motions under Rule 60(b).

The bankruptcy court correctly applied a Rule 60(b) standard to Debtors' motion to reinstate the case, which is construed as a motion to vacate the dismissal order.[1] *See In re Geberegeorgis*, 310 B.R. 61, 66 (B.A.P. 6th Cir. 2004). "Motions to vacate dismissal orders, or motions to reinstate cases as they are colloquially called, are frequent procedural requests. . . . [B]ankruptcy courts are authorized to set aside a final judgment or order, including case dismissal orders, under Fed. R. Bankr. P. 9024, which incorporates Fed. R. Civ. P. 60(b) into practice under the Bankruptcy Code." *Id.*

Debtors argue that the bankruptcy court's analysis under Rule 60(b) was flawed. Under Rule 60(b)(1), a party may obtain relief from judgment based upon "mistake, inadvertence, surprise, or excusable neglect." With respect to excusable neglect, "the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's

---

[1] Debtors' argument that they were not given the opportunity to brief their argument under Rule 60(b) is not well taken. It was Debtors' burden to demonstrate their entitlement to relief under Rule 60(b) in the first instance.

omission. These include . . . the danger of prejudice to the [nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Since *Pioneer*, the Sixth Circuit has "considered excusable neglect in different contexts and repeatedly underscored that it is a difficult standard to satisfy." *In re Edwards*, 748 Fed. Appx. 695, 698 (6th Cir. 2019) (citing *Nicholson v. City of Warren*, 467 F.3d 525, 526 (6th Cir. 2006)).

Debtors contend that the bankruptcy court erred by only considering one of the *Pioneer* factors: the reason for the delay. However, the Sixth Circuit has recognized that "the Pioneer factors 'do not carry equal weight; the excuse given for the late filing must have the greatest import. While [the others] might have more relevance in a closer case, the reason-for-delay factor will always be critical to the inquiry.'" *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010) (citation omitted). *See also JBlanco Enterprises v. Soprema Roofing & Waterproofing, Inc.,* 2017 WL 5634299 at *2 (6th Cir. Nov. 20, 2017) ("The fact that the other *Pioneer* factors may

weigh in JBlanco's favor is not dispositive because the district court properly assigned the greatest weight to the reason for the delay.").

The bankruptcy court correctly concluded that Debtors' reason for failing to timely pay the filing fee – an error by counsel – is not a reason that is typically considered to be excusable neglect.[2] *See, e.g., Yeschick*, 675 F.3d at 631 ("[W]e have held that gross carelessness or inadvertent conduct that results in judgment will not give rise to a successful claim of excusable neglect if the facts demonstrate a lack of diligence."); *JBlanco,* 2017 WL 5634299 at *2 (no excusable neglect when circumstances surrounding failure to timely file notice of appeal "were not unique or extraordinary, but entirely avoidable"); *B & D Partners v. Pastis*, 2006 WL 1307480, at *3 (6th Cir. May 9, 2006) ("Gross carelessness . . . [is an] insufficient bas[i]s for 60(b)(1) relief."); *In re Bonfiglio*, 2018 WL 5295879, at *4 (B.A.P. 6th Cir. Oct. 24, 2018) ("With respect to the conduct of counsel, case law consistently teaches that out-and-out lawyer blunders – the type of action or inaction that leads to successful malpractice suits by the injured client – do not qualify as 'mistake' or 'excusable neglect' within the meaning of Rule 60(b)(1).").

---

[2] The errors of counsel are attributable to their clients. *Pioneer*, 507 U.S. at 397.

The bankruptcy court determined that Debtors did not demonstrate excusable neglect for failing to timely pay the filing fee. Although Debtors' counsel mistakenly paid the fee in another case instead, a simple check of the docket would have revealed his error. Under the circumstances, the court cannot find that the bankruptcy court abused its discretion in denying Debtors' motion to reinstate the case.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the bankruptcy court is AFFIRMED.

Dated: April 6, 2020

                                        s/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 6, 2020, by electronic and/or ordinary mail.

s/Brianna Sauve
Deputy Clerk